USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/06

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BRIANA GONZALEZ,                    :
                    Plaintiff,      :
                                    :      06 Civ. 2207 (DLC)
          -v-                       :
                                    :      MEMORANDUM OPINION
THE ALES GROUP, USA, INC.           :         & ORDER
                    Defendant.      :
------------------------------------X
```

DENISE COTE, District Judge:

Plaintiff Briana Gonzalez ("Gonzalez") brings the above-captioned action against her former employer, the Ales Group, USA, Inc. (the "Ales Group"), for employment discrimination on account of sex and retaliation in violation Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., and various New York statutory and common law duties. Gonzalez began working for the Ales Group as a marketing manager in July 2003. She alleges that she was sexually harassed by a number of employees, and that she was terminated from her job on March 31, 2005 in retaliation for her complaints about the harassment.

The following facts are undisputed or taken from plaintiff's filings. On April 1, Gonzalez received a settlement agreement from the Ales Group, offering her two weeks' severance pay and one month of health benefits in exchange for releasing all claims against the company arising out of her employment with the company or the termination of her employment. The agreement stated that any disputes arising under the agreement, or as a result of Gonzalez's employment or termination, would be resolved through arbitration. The proposed settlement provided for the possibility of revocation within five days of it being returned to the company, stating:

> if you sign this letter and return it ... for <u>five (5) days</u> after that, you will have the right to revoke your waiver and release by giving notice of revocation to the Company; and this agreement will not become effective or enforceable until the revocation period expires.

(Emphasis supplied.) The letter also provides for a <u>seven-day</u> revocation period beginning from the time of execution, stating: "YOU MAY REVOKE THE WAIVER AND RELEASE WITHIN SEVEN(7) DAYS AFTER EXECUTING IT BY GIVING WRITTEN NOTICE TO THE COMPANY."

Plaintiff signed the agreement on April 8, 2005, but did not return it to the Ales Group until early May. On May 10, Gonzalez called the Ales Group's human resources manager and was told the company had received the signed agreement and that she would receive the severance payment by May 13. On May 12, before receiving the payment, Gonzalez e-mailed the company and stated that she was revoking the settlement agreement. The Ales Group made multiple efforts thereafter to send the severance payment to Gonzalez, all of which were declined.

After receiving a right to sue letter from the Equal Employment Opportunity Commission, Gonzalez filed this action on March 21, 2006. Citing the settlement agreement signed by Gonzalez, the Ales Group now moves to dismiss the complaint as barred by the release executed by Gonzalez or, in the alternative, to compel arbitration.

The parties here dispute the requirements of the revocation clauses of the letter. Gonzalez claims that she revoked her consent to the settlement in a manner consistent with the terms of the letter when she e-mailed the company less than five days

2

after the signed agreement had been received. The Ales Group argues that Gonzalez's attempted revocation was not effective under either of the revocation provisions.

The question of whether Gonzalez validly revoked the agreement must be decided by an arbitrator. As the United States Supreme Court recently held, when an agreement contains an arbitration clause, "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." Buckeye Check Cashing, Inc. v. Cardegna, __ U.S. __, 126 S.Ct. 1204, 1210 (2006). Here, Gonzalez has stated that she "does not contest the scope of defendant's settlement agreement, or whether Title VII can be subject to arbitration." Rather, she argues that her May 12 e-mail constituted a valid revocation of the agreement *in its entirety*. Because she challenges the whole agreement, and because her challenge is based on interpretation of that document's revocation provisions, it must be decided by an arbitrator.

Conclusion

Defendant's motion to dismiss the complaint is denied. The defendant's motion to compel arbitration, however, is granted. This action shall be stayed pending arbitration. Should an arbitrator decide that the agreement was revoked, the stay shall be lifted upon application of either party.

SO ORDERED:
Dated:   New York, New York
         July 6, 2006

                                     _____
                                            DENISE COTE
                                     United States District Judge

4